## O. G. Cummings, Appellant, v. Frank Elsholtz, Appellee.

### Gen. No. 5265.

1. LANDLORD AND TENANT—*when issuance of distress warrant unauthorized.* The remedy by distress is statutory and the landlord has no right to issue a warrant unless predicated upon a claim for rent and nothing else.

2. TRIAL—*power of court to hear cause out of order, "for good and sufficient cause."* It is within the power of the trial court to hear a cause out of its order on the docket.

3. PRACTICE—*when failure to observe section 26 of Practice Act will not reverse.* The fact that the agreement to submit a case to the circuit judge was not in writing in accordance with the requirements of section 26 of the Practice Act of 1907 will not reverse if it appears that substantial justice has been done.

Distress for rent. Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

V. S. LUMLEY and C. B. HAZELHURST, for appellant.

J. F. CASEY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

O. G. Cummings leased a dairy farm in McHenry county to Frank Elsholtz. The lease was in writing and provided, among other things, that Cummings

was to put fifty milch cows on the farm, each party to stand one-half of all loss or gain by reason of changing or death of cattle; that each party was to furnish one-half the seed, also to pay one-half the threshing bill and have one-half of everything produced on the farm during the term of the lease; Cummings was to draw all milk dividends and settle at the end of each month. On March 18, 1907, the sheriff of said county received a distress warrant issued by the landlord for rent claimed to be due and unpaid under the terms of the lease. He already held an execution against Elsholtz in favor of McBride Bros. and a chattel mortgage given him to foreclose by Warren C. Cummings and executed by Elsholtz upon the crops grown upon the leased premises. He levied the distress warrant and advertised the property for sale. Thereupon, the attorneys for the landlord, mortgagee and execution creditors entered into an oral agreement that the sheriff should sell the property and hold the proceeds awaiting the decision of the circuit judge to whom the parties agreed to submit the question of the priority of liens in the distress proceedings without the formality of pleadings. On April 28, 1909, on the motion of the attorneys for the mortgagee, in the absence of the landlord, the circuit judge heard the cause without a jury and found for the tenant and that the mortgagee was entitled to the first lien on the property distrained and rendered judgment against the landlord for costs. Later, the landlord entered a motion to vacate the judgment, and in support thereof, filed his own and the affidavit of T. S. Huntley, attorney for McBride Bros. Huntley's affidavit related to the obtaining of the McBride judgment and to a conversation which affiant had with the landlord's attorney relative to an agreement as to the sale of the property and the determination of the rights of the parties. The landlord's affidavit related to the agreement as to the sale of the property and the determina-

tion of the rights of the parties and to the lease, and stated that there was a large amount of money due affiant from Elsholtz, paid out by affiant in the exchange of cows, but it did not state the amount, and nowhere set up that there was any rent due. The court denied the motion to vacate the judgment and the landlord prosecutes this appeal.

Elsholtz testified that there was no rent due and unpaid, and appellant's affidavit shows that he did not claim that any rent was actually due him, but that there was money due him which he had paid out in the exchange of cows which the tenant should have paid. It will be observed that the distress warrant was not issued to recover unpaid rent but money due the landlord arising from a breach of a covenant of the lease providing for the adjustment of losses sustained on cows. The remedy here sought to be enforced is statutory. That the landlord shall have authority to issue the process, the claim must be for rent due and nothing else. His process, in so far as it claims for rent due, is valid, and in so far as it is for any other matter or claim, is beyond the authority of the landlord to issue it. It is familiar law that parties cannot confer jurisdiction by agreement. In this case, the parties could not, by their stipulation that the tenant was to stand half the loss by changing or death of cattle, convert any loss sustained thereby into rent and thereby confer authority upon the landlord to issue a distress warrant for that which was not rent.

It is assigned for error but not argued, that the court heard the cause out of the regular call, without the agreement of all the parties concerned, and in violation of a rule of the court regulating the order of the trial of causes. There is nothing in the record to show us that this was done, but, even if the case were set for trial out of its order upon the docket, section 21 of the Practice Act 1907 gives the court the

right to take such action for good and sufficient cause. That section provides that causes shall be tried in the order they are placed on the docket, "unless the court for good and sufficient cause, shall otherwise direct." It nowhere appears in the affidavits that the court did not have good and sufficient cause for its action, if such were taken.

The agreement to submit the cause to the circuit judge was not in writing in accordance with the requirements of section 26 of the Practice Act of 1907, and there may be some question as to whether or not an oral agreement conferred jurisdiction. We would not be justified in reversing the judgment for that reason since we think that substantial justice has been done, as there is nothing in the evidence to show that the landlord had any right to issue a distress warrant, and McBride Bros. did not appeal from the judgment.

In our opinion there was no reversible error in overruling the motion to set aside the judgment. The judgment is affirmed.

*Affirmed.*